IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:15CR110 |
| ) | |
| JAMES D. WAITES ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT II**
**WITH MEMORANDUM IN SUPPORT**

The defendant, James D. Waites, by and through his undersigned counsel, hereby moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 12(b)(1), (b)(2) and (b)(3)(B)(v) to dismiss Count 2, (an alleged violation of 18 U.S.C. § 924(c)) for failure to state offenses. In support thereof, Mr. Waites states as follows:

**STATEMENT OF ISSUES**

This motion presents the Court with the following questions:

> **Categorical Approach.** For an offense to qualify categorically as a crime of violence under § 924(c), use or threatened use of violent physical force must be a required element. The Hobbs Act proscribes taking property from another through fear of future injury to the victim or his family. It can be committed without threats of violent physical force: "Give me the money or no insulin for your dad." Is Hobbs Act robbery categorically a crime of violence?

> **Due Process and Vagueness Doctrine.** Two months ago, the Supreme Court found a criminal statute unconstitutionally vague because it required judges to imagine how an offense is committed in an "ordinary case" and then evaluate the risk of a factual occurrence in that judge-imagined abstraction. Section 924(c)'s residual clause asks judges to decide whether an offense, by its nature, involves a substantial risk that physical force may be used during the offense. Is it unconstitutionally vague?

1

## INTRODUCTION

Mr. Waites is charged with one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The indictment alleges that the underlying "crime of violence" is Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). But Hobbs Act robbery fails to qualify categorically as a "crime of violence" within the meaning of § 924(c)(3)(A).

When the predicate offense does not qualify categorically as a crime of violence under § 924(c)(3)(A), a 924(c) charge can stand only if the predicate offense qualifies as a crime of violence under 924(c)'s "residual clause." But the residual clause is unconstitutional. Less than two months ago, the Supreme Court struck down a nearly identical crime-of-violence definition in the Armed Career Criminal Act. *See Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). The Court held that ACCA's residual clause was unconstitutionally vague because it required judges to imagine how an offense is committed in an "ordinary case" and then evaluate the risk of a factual occurrence in the context of that judge-imagined abstraction. Section 924(c)'s residual clause does the same thing. It asks judges to determine whether an offense "*by its nature*, involves a *substantial risk* that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). This residual clause, like ACCA's, is unconstitutional.

Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A) because it does not categorically qualify. It is not a crime of violence under § 924(c)(3)(B) because that provision is unconstitutional. Because Hobbs Act robbery is not a crime of violence within the meaning of § 924(c), Counts 2, 4, 9 and 12 fail as a matter of law and must be dismissed.

2

## LEGAL STANDARDS

Rule 12(b)(1) states, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12(b)(3) requires that defects in the institution of the prosecution, such as failure to state an offense, must be raised by pretrial motion. The Supreme Court has explained that a defense may be raised and adjudicated in a pretrial motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969). This motion presents the purely legal question whether Counts 2, 4, 9 and 12 state offenses.

Mr. Waites raises, as a threshold question, the constitutionality of 18 U.S.C § 924(c)(3)(B). This is also a purely legal question and raises a potential defect in the indictment. *See* Fed. R. Crim. P. 12(b)(3)(B). The Supreme Court has held that no prosecution can stand under a law that is unconstitutional. *United States v. Stanley*, 109 U.S. 3, 8-9 (1883). Therefore, if the indictment "alleges a violation of an unconstitutional statute," it is defective and may be dismissed following a motion under Rule 12(b)(3)(B). *United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010) (citing *Stanley*, 109 U.S. 8-9).

## STATUTES INVOLVED

This motion primarily concerns the following two federal statutes:

**18 U.S.C. § 1951(b)**

Section 1951, in pertinent part, provides:

> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, ***by means of*** actual or threatened force, or violence, or ***fear of injury, immediate or future,*** to his person or property, or property in his custody or possession, or the person or

property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining [shall be punished in accordance with the remainder of the statute.]

(emphasis added)

**18 U.S.C. § 924(c)**

Section 924(c)(1)(A), in pertinent part, provides:

> . . . any person who, *during and in relation to a crime of violence. . .* for which the person may be prosecuted in a court of the United States, uses or carries a firearm, shall, or who in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence. . . . . .
>
> (I) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(emphasis added).

Under § 924(c)(3), "crime of violence" is defined as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A)   has as an element *the use, attempted use, or threatened use of physical force* against the person or property of another, or
>
> (B) that *by its nature, involves a substantial risk* that physical force against the person or property of another may be used in the course of committing the offense.

(emphasis added).

**ARGUMENT**

The Court must dismiss Count 2 —the alleged § 924(c) violation—because the predicate Hobbs Act robbery offense does not qualify as a "crime of violence" as a matter of law.

Section 924(c)'s crime-of-violence definition contains two clauses. The first clause—§ 924(c)(3)(A)—is commonly referred to as the "force" clause. The other—§ 924(c)(3)(B)—is commonly referred to as the "residual" clause. Hobbs Act robbery fails to qualify categorically as a crime of violence under the force clause because it can be committed by putting one in fear of future injury to his person or property *without* threatening violent physical force. And, under *Johnson*, § 924(c)'s residual clause is unconstitutionally vague. It is therefore incapable of supporting a conviction. Accordingly, Count 2 must be dismissed.

I. **UNDER THE CATEGORICAL APPROACH, HOBBS ACT ROBBERY DOES NOT QUALIFY AS A "CRIME OF VIOLENCE" BECAUSE IT CAN BE VIOLATED WITHOUT THE USE, ATTEMPTED USE, OR THREATENED USE OF VIOLENT PHYSICAL FORCE.**

Under § 924(c)'s force clause, courts must follow a categorical approach to determine whether the predicate offense is a crime of violence. Under the categorical approach, an offense qualifies as a crime of violence only if a necessary element of the offense includes the use, attempted use, or threatened use of *violent physical force*. Here, the Hobbs Act can be violated by putting someone in fear of future injury to his person or property. Although the victim's fear of future injury could possibly be the result of a defendant's threatened violent physical force, it could also have been caused by something else. Accordingly, violent physical force is not a necessary element of Hobbs Act robbery, and the offense fails to qualify as a crime of violence under the categorical approach.

The law is clear: to determine whether a predicate offense qualifies as a "crime of violence" under § 924(c)'s force clause, courts must use the categorical approach. *See Descamps*

*v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2014); *see also United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009); *United States v. Acosta,* 470 F.3d 132, 135 (2d Cir. 2006).  This approach requires that courts "look only to the statutory definitions—*i.e.,* the elements—of a defendant's [offense] and *not* to the particular facts underlying [the offense]" in determining whether it qualifies as a crime of violence.  *Descamps*, 133 S. Ct. at 2283 (internal quotation marks omitted); *Royal*, 731 F.3d at 341-42; *Serafin*, 562 F.3d at 1107; *Acosta*, 470 F.3d at 135.  Importantly, under the categorical approach, an offense can qualify as a crime of violence only if *all* of the criminal conduct covered by a statute—"including the most innocent conduct"—meets the crime-of-violence definition.  *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  If the most innocent conduct proscribed by a statute does not constitute a crime of violence, then the statute fails to qualify categorically as a crime of violence.  Under the statute's plain text and under *Descamps*, to qualify as a crime of violence under § 924(c)'s force clause, the offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

In 2010, the Supreme Court clarified the meaning of "physical force" here: "[I]n the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010) (citing *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)).  The use or threatened use of such violent physical force must be a required statutory element.

Hobbs Act robbery does not meet this requirement.  Hobbs Act robbery can be accomplished by putting someone in fear of future injury to his person or property, or that of a family member.  But putting someone in fear of future injury, at best, contemplates a threat of

6

physical *injury*, not a threatened use of *violent force*. In *Torres-Miguel,* the Fourth Circuit held that a threat of *injury* does not necessarily contemplate a threat of physical force—let alone "violent force." 701 F.3d 165.

In *Torres-Miguel*, the Fourth Circuit addressed whether California Penal Code § 422(a) categorically constitutes a crime of violence under a definition nearly identical to that found in § 924(c)(3)(A).[1] 701 F.3d at 168. The California statute requires only that the offender "threatens to commit a crime which will result in death or great bodily injury to another." *Id.* (quoting Cal. Penal Code § 422(a)). The Fourth Circuit found that a "violent force" element was missing. *Id.* at 168-69. "An offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the [ ] definition of a crime of violence." *Id.* at 168. The panel reasoned, "Of course, a crime may *result* in death or serious injury without involving *use* of physical force." *Id.*

Relying on several decisions from other circuits, the *Torres-Miguel* court found that there are many ways in which physical injury can result without use of "violent force." *Id.* at 168-69. "For example, as the Fifth Circuit has noted, a defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force." *Id.* (citing *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010)). The *Torres-Miguel* panel cited *Chrzanoski v. Ashcroft* in which the Second Circuit held that a state statute requiring proof that the defendant "intentionally caused physical injury" was not a crime of violence. 327 F.3d

---

[1] In *Torres-Miguel*, the Fourth Circuit addressed the crime of violence definition in U.S.S.G. § 2L1.2. It is identical to the crime of violence definition at issue here in all relevant respects. *Compare* U.S.S.G. § 2L1.2 cmt. n.1 (defining "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* § 924(c)(3)(A) (defining "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

188, 194 (2d Cir. 2003). The Second Circuit's decision was based on the distinction between "causation of an injury, which is all that the Connecticut statute [ ] required, and an injury's causation by the use of physical force." *Torres-Miguel*, 701 F.3d at 169 (citing *Chrzanoski*, 327 F.3d at 194) (internal quotation marks omitted).

    *Torres-Miguel* and the decisions it cites support the notion that Hobbs Act robbery, which can be accomplished by putting another in fear of physical injury, does not require "violent force." Surely, if threats of serious bodily injury or death do not equal threats of violent force, then putting someone in fear of "physical injury" (by threat or otherwise) does not either. Indeed, a defendant can place another in fear of injury by threatening to 1) poison him, 2) expose him to hazardous chemicals, 3) place a barrier in front of his car, 4) lock him up in the car on a hot day, 5) lock him at an abandoned site without food or shelter—some of these examples come from *Torres-Miguel* or the cases cited therein.

    Moreover, Hobbs Act robbery can be accomplished by placing someone in fear of injury to his property. This also does not require "violent force" within the meaning of *Johnson*. For example, a threat to poison one's tree or unleash his dog would qualify. It cannot be true that an offense necessarily contemplates at least the threatened use of strong, violent physical force when the offense can be committed by threatening to "devalue your stock,"[2] "create a nuisance

---

[2] Threats to inflict economic harm on an intangible asset (like shares of stock) constitute a threat to "injure property" under § 1951's robbery definition. The Fourth Circuit has sustained an extortion conviction under the Hobbs Act when a union boss threatened "to slow down or stop construction projects unless his demands were met." *See United States v. Iozzi*, 420 F.2d 512, 514 (4th Cir. 1970). In noting that that Hobbs Act robbery, "by its terms, encompasses violence against property," the Second Circuit held that "[w]hile often the property involved is an existing physical asset, *the concept is not limited to tangible things*, but includes intangible assets such as rights to solicit customers and to conduct a lawful business." *United States v. Arena*, 180 F.3d 380, 392 (2d Cir. 1999) *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 403 n.8 (2003). Thus, Hobbs Act robbery can be committed via

near your brother's home," "take a bite of this-here stranger's apple," or "shear your sister's sheep."

Finally, the Hobbs Act, by its terms, does not require a threat at all. One can commit Hobbs Act robbery by taking property from another "by means of…fear of [future] injury" without threats of *any* kind. To be sure, the statute contemplates victim's fear of injury. But it does not require that a *threat* by the defendant be the *cause* of that *result*.

The act of putting someone in fear of injury, as defined under the Hobbs Act robbery statute, does not constitute a "crime of violence" under the force clause because it does not require an *intentional* threat of physical force. In *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006), the Fourth Circuit firmly held that an offense can only constitute a "crime of violence" under the force clause if it has an element that requires an "*intentional* employment of physical force [or threat of physical force]." *Id.* (emphasis added). "In this context, [ ] 'threatened use of physical force' means both an *intent* to use force and a communication of that intent." *United States v. King*, 979 F.2d 801, 803 (10th Cir. 1992.) (emphasis added). Indeed, the Supreme Court just explained in *Elonis v. United State*—where the Court analyzed the *mens rea* necessary to constitute a "threat to injure the person of another" under 18 U.S.C. § 875(c)— that negligently putting someone in fear is not the same as making a "threat." 135 S. Ct. 2001, 2011 (2015). Yet the "fear of injury" element under the Hobbs Act robbery statute does not require a defendant to intentionally place another in fear of injury. Therefore, it is missing the intentional mens rea necessary under *Garcia*.

Federal cases interpreting the "intimidation" element in the federal bank robbery statute (18 U.S.C. § 2113(a)) are instructive here. Federal bank robbery may be accomplished by

---

threats to devalue some intangible economic interest like a contract right or stock holding.

"intimidation," which means placing someone in fear of bodily harm – the same action required under the Hobbs Act robbery statute. *See United States v. Woodrop*, 86 F.3d 359, 364 (4th Cir. 1996) ( "intimidation" under federal bank robbery statute means "an ordinary person in the [victim's position] reasonably could infer a threat of *bodily harm* from the defendant's acts."); *see also United States v. Pickar*, 616 F.2d 821, 825 (2010) (same); *United States v. Kelley*, 412 F.3d 1240, 1241 (2005) (same); *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003) (same); *United States v. Higdon*, 832 F.3d 312, 315 (5th Cir. 1987) (same).

It is plain that the "intimidation" element of federal bank robbery is missing this necessary intentional mens rea required under *Garcia*. "Intimidation" is satisfied under the bank robbery statute "whether or not the defendant actually intended the intimidation," as long as "an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts." *Woodrup*, 86 F.3d at 36. *See also United States v. Yockel*, 320 F.3d 818, 821 (8th Cir. 2003) (upholding bank robbery conviction even though there was no evidence that defendant intended to put teller in fear of injury: defendant did not make any sort of physical movement toward the teller and never presented her with a note demanding money, never displayed a weapon of any sort, never claimed to have a weapon, and by all accounts, did not appear to possess a weapon); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Whether a particular act constitutes intimidation is viewed objectively, . . . and a defendant can be convicted under [federal bank robbery] even if he did not intend for an act to be intimidating."); *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993) (same). In other words, a defendant may be found guilty of federal bank robbery even though he did not intend to put another in fear of injury. It is enough that the victim reasonably fears injury from the defendant's actions – whether or not the defendant actually intended to create that fear. Due to

the lack of this intent, federal bank robbery criminalizes conduct that does not require an intentional threat of physical force. Therefore, bank robbery squarely fails to qualify as a "crime of violence" under *Garcia.* Because the federal bank robbery "intimidation" element is defined the same as the Hobbs Act robbery "fear of injury" element, it follows that Hobbs Act robbery also fails to qualify as a "crime of violence" under *Garcia*.

In sum, Hobbs Act robbery is not a "crime of violence" under the § 924(c)(3)(A) force clause for two independent reasons. First, the statute does not require a threat of *violent force*. Second, the statute does not require the *intentional* threat of the same. Because "the full range of conduct" covered by the Hobbs Act does not require "violent force," it cannot qualify categorically as a crime of violence under § 924(c). *Torres-Miguel*, 701 F.3d at 171. It makes no difference that the possibility of violating the Hobbs Act robbery statute without violent physical force is, or may be, slim. Because the possibility exists, this Court cannot find that Hobbs Act robbery is a crime of violence. Indeed, in *Torres-Miguel*, the Court did not cite a single case in which an offense under the California threat statute was violated with the threat of poisoning or some other non-violent force; still, the Fourth Circuit found that because the elements of the offense left open the possibility that one could be prosecuted under the statute for the use of non-violent force, the prior offense categorically failed to qualify as a crime of violence. *Id.* at 171. Hobbs Act robbery leaves open the same possibility. Thus, the Court should find that it does not qualify categorically as a crime of violence.

## II. SECTION 924(c)'s RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAUGE AND CANNOT SUPPORT A CONVICTION.

Since Hobbs Act robbery fails to qualify as a crime of violence under § 924(c)'s force clause, the remaining question is whether it can qualify as a crime of violence under § 924(c)'s residual clause. It cannot. In *Johnson,* the Supreme Court found ACCA's residual clause

unconstitutionally vague. Applying *Johnson* to § 924(c)'s residual clause reveals the same constitutional defects.

### A. *Johnson* Expressly Overruled the "Ordinary Case" Approach to Determining Whether a Felony Qualifies as a Crime of Violence.

In *Johnson*, the Supreme Court found ACCA's residual clause to be unconstitutionally vague. 135 S. Ct. at 2557. Before *Johnson*, ACCA's residual clause "require[d] a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Id*. (citation omitted). The "ordinary case" framework traces back to *James v. United States*. 550 U.S. 192, 209 (2007) *overruled by Johnson*, 135 S. Ct. 2551. There, the Court first decided ACCA's residual clause essentially asked "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id*. at 208. The *James* Court explained, "As long as an offense is of a type that, ***by its nature***, presents a serious risk of injury to another, it satisfies the requirements of [ACCA's] residual provision." *Id*. at 209 (emphasis added).

*Johnson* overruled *James*, finding the established inquiry highly problematic. The Court found that "[t]wo features of [ACCA's] residual clause conspire[d] to make it unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. First, the residual clause left "grave uncertainty" about how to estimate the risk posed by a crime. *Id.* ACCA's residual clause tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* And the Court determined that the statute provided no guidance on how to go about deciding what kind of conduct the "ordinary case" of a crime involves. *Id.*

The *Johnson* Court considered and rejected different ways that a court might envision the hypothetical "ordinary case" since the statute offers no guidance. Specifically, the Court explained that a statistical analysis of reported cases, surveys, expert evidence, Google, and gut

12

instinct are all equally unreliable in determining the "ordinary case." *Id*. at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, J., dissenting from denial of rehearing *en banc*)). Although earlier ACCA cases tried to rely on statistical analysis and "common sense," *Johnson* concluded that these methods "failed to establish any generally applicable test that prevents the risk comparison required by the residual clause from devolving into guesswork and intuition." *Id*. at 2559 (referring to *Chambers v. United States*, 555 U.S. 122 (2009), and *Sykes v. United States*, 564 U.S. 1 (2011)). This flaw alone establishes the residual clause's unconstitutional vagueness.

A second flaw exacerbated the problem. The *Johnson* Court noted that ACCA's residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id*. at 2558. Although the level of risk required under the residual clause must be similar to the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing a felony's "ordinary case" to the risk posed by certain enumerated offenses cures the constitutional problem. *Id.*

The enumerated offenses failed to save the ACCA residual clause because, according the majority, comparing felonies to enumerated offenses still required resort to "a judicially imagined abstraction." *Id*. Before courts could even start the comparison, they had to determine what the "ordinary" enumerated crime entailed. But the "ordinary" enumerated crimes, *Johnson* emphasized, like any other crime, "are far from clear in respect to the degree of risk each poses." *Id*. (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)). Any attempt to figure out the "ordinary" enumerated offense required just as much guesswork as figuring out the "ordinary"

13

predicate offense. The Court held that the indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id*.

*Johnson* not only invalidated ACCA's residual clause, it invalidated the "ordinary case" analysis and all criminal statutes that compel its use. After *Johnson*, if a statute calls for an "ordinary case" risk analysis, it is unconstitutionally vague.

### B. *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague.

Section 924(c)'s residual clause is essentially the same as ACCA's.[3] To be sure, they are not literally identical.[4] But the differences have no impact on the constitutional analysis. Although the risk at issue in ACCA is a risk of injury, and the risk at issue in § 924(c) is a risk that force will be used, this difference is immaterial to the due process problem and has no impact on the *Johnson* decision.[5] The Court's holding did not turn on the type of risk, but rather

---

[3] Courts regularly recognize the similarities between ACCA's residual clause and the clause at issue here, although the comparison tends to address 18 U.S.C. § 16(b), which is literally identical to § 924(c)(3)(B). *See, e.g., Chambers*, 555 U.S. at 133, n.2 (2009) (citing circuit splits on § 16(b) in the context of a residual clause case because § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring); *see United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret crime of violence definition under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *see also United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing ACCA and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define "ordinary case" analysis); *United States v. Sanchez-Espinal*, 762 F.3d 425, 432 (5th Cir. 2014) (noting that even though ACCA talks of risk of injury and § 16(b) talks of risk of force, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under § 16(b)").

[4] In pertinent part, the ACCA residual clause defines a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 924(c)(3)(B) defines a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[5] *See Jimenez-Gonzales v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008) (noting that, "[d]espite the slightly different definitions," the Supreme Court's respective analyses of ACCA and § 16(b)

how a court assesses and quantifies the risk.[6] That inquiry is the same under both ACCA and § 924(c). Both statutes require courts first to picture the "ordinary case" embodied by a felony,[7] and then decide if it qualifies as a crime of violence by assessing the risk posed by the "ordinary case."

Relying on *James*, the Fourth Circuit has squarely held that the "ordinary case" analysis applies when construing 18 U.S.C. § 16(b). *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014). The Fourth Circuit stated that, under this residual clause,

> It is sufficient if "the conduct encompassed by the elements of the offense, ***in the ordinary case***, presents a serious potential risk of injury to another." *James*, 550 U.S. at 208. As long as an offense is of a type that, ***by its nature***, presents a substantial risk that physical force against the person or property of another may be used, it satisfies the requirements of 18 U.S.C. § 16(b).

---

"perfectly mirrored" each other); *see also United States v. Gomez-Leon*, 545 F.3d 777 (9th Cir. 2008); *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244 (10th Cir. 1998); *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997); *United States v. Bauer*, 990 F.2d 373, 374 (8th Cir. 1993) (describing differences between statutes as "immaterial" and that deciding that U.S.S.G. § 4.1.1, which uses the ACCA language, "is controlled by" a decision that interprets § 16(b)).

[6] Of course, many federal and state criminal laws include "risk" standards that employ adjectives similar to those in the ACCA and § 924(c), such as "substantial," "grave," and "unreasonable." And the Supreme Court in *Johnson* said it did not mean to call most of these into question. But, as Justice Scalia's majority opinion observed, that is because the vast majority of such statutes require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion; in other words, applying such a standard to "real-world conduct." By contrast, ACCA's residual clause and § 924(c)(3), requires risk analysis of "an idealized ordinary case of the crime"—an "abstract inquiry" that "offers significantly less predictability." *Johnson*, 135 S. Ct. at 2558.

[7] Both ACCA and § 924(c)(3)(B) require courts to discern what the ordinary case of a crime is by examining the elements using a categorical approach. *See, e.g., United States v. Butler*, 496 Fed. Appx. 158, 161 n.4 (3d Cir. 2012); *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Serafin*, 562 F.3d 1104, 1108 (10th Cir. 2009); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008); *United States v. Acosta*, 470 F.3d 132, 134 (2d Cir. 2006). *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995). Courts may not consider the factual means of committing any given offense, but must consider the nature of the offense in the "ordinary case," regardless of whether ACCA, § 924(c)(3)(B), or § 16(b) is at issue.

*Id.* (emphasis added). *Avila* controls here because § 16(b) and § 924(c)(3)(B) are identical.[8]

In litigating *Johnson*, the Solicitor General agreed that the statutory phrases at issue in *Johnson* and those at issue here pose the same constitutional problem. (Again, the Solicitor General referred explicitly to § 16(b), but that phrase is identical to the § 924(c) residual clause.) The Solicitor General warned that if ACCA's residual clause was void for vagueness, so too was the residual clause in § 16(b):

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supp. Br. for U.S. at 22-23, *Johnson*, 135 S. Ct. 2551 (No. 13-7120), 2015 WL 1284964 at *22-23. The Solicitor General was right. The residual clauses in 924(c) and 16(b) are essentially the same as ACCA's and contain the same constitutional defect.

Section 924(c)'s residual clause, like ACCA's, requires courts to assess the risk involved in an "ordinary case" abstraction of a predicate offense. *Avila*, 770 F.3d at 1107; *Ayala*, 601 F.3d at 267; *Van Don Nguyen*, 571 F.3d at 530; *Sanchez-Garcia*, 501 F.3d at 1213. Since this is the identical analytical step that brought down ACCA's residual clause, § 924(c)(3)(B) cannot

---

[8] Other courts likewise require the ordinary case analysis when the statutory language of § 16(b) (and thus § 924(c)(3)(B)) is at issue. *See, e.g., Keelan*, 786 F.3d at 871 (adopting "ordinary case" analysis for § 16(b)); *United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2012) (citing *James* as the source of the "ordinary case" analysis required by § 16(b)); *Van Don Nguyen v. Holder*, 571 F.3d 524, 530 (6th Cir. 2009) (considering § 16(b) and concluding that "[t]he proper inquiry is one that contemplates the risk associated with the proscribed conduct in the mainstream of prosecutions brought under the statute."); *United States v. Sanchez-Garcia*, 501 F.3d 1208, 1213 (10th Cir. 2007) (same).

survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*. Section 924(c)'s residual clause is unconstitutional and cannot be used to support a conviction.

## CONCLUSION

Hobbs Act robbery fails to qualify categorically as a "crime of violence" under § 924(c)'s force clause, and § 924(c)'s residual clause is unconstitutionally vague under *Johnson*. Thus, no legal basis exists for a § 924(c) conviction. Mr. Waites respectfully requests that the Court grant this motion and dismiss Count 2 of the indictment.

Respectfully submitted,

JAMES D. WAITES

By:_____/s/_____

Richard J. Colgan
VSB # 19635
Attorney for Defendant James D. Waites
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0808
(757) 457-0880 (telefax)
richard_colgan@fd.org

## CERTIFICATE OF SERVICE

I certify that on the 6th day of October, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

John F. Butler
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 80000
Norfolk, VA 23510
Phone: 757-441-6331

Fax: 757-441-6689
John.f.butler@usdoj.gov

By:_____/s/_____

Richard J. Colgan
VSB # 19635
Attorney for Defendant James D. Waites
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0808
(757) 457-0880 (telefax)
richard_colgan@fd.org